1  David G. Halm, Esq. Bar No. 179957
   NICOLSON LAW GROUP, PC
2  6320 Canoga Avenue, Suite 750
   Woodland Hills, California 91367
3  Direct: (818) 858-1121
   Office: (818) 858-1120
4  Fax:    (818) 858-1124
   E-mail: halm@nicolsonlawgroup.com
5
   Attorneys for Defendant TARGET CORPORATION
6

7

8  **UNITED STATES DISTRICT COURT**

9  **CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

10

11  GEORGINA HANNA,

12      Plaintiff,

13  vs.

14  TARGET CORPORATION, a business
    entity, form unknown, and DOES 1 to
15  20, inclusive,

16      Defendants.

17

**Case No.: ED CV 17-0813-TJH-RAOx**
Case Assigned to:
The Honorable Terry J. Hatter, Jr.,
United States District Judge
350 W. 1st Street, 9th Floor, Crtrm. 9B
Los Angeles, California 90012

**STIPULATED PROTECTIVE ORDER**

18      IT IS HEREBY STIPULATED AND AGREED, by the undersigned

19  attorneys for the respective parties, that with regard to material disclosed in the

20  course of the above-captioned lawsuit ("Lawsuit") which constitute or contain trade

21  secrets or other confidential research, development, commercial and/or private

22  information of the parties ("Confidential Material"), the following procedures shall

23  govern and the parties acknowledge that all provisions are subject to the Federal

24  Rules of Civil Procedure.

25      1.      This Order is meant to encompass all forms of disclosure which may

26  contain Confidential Material, including any document, pleading, motion, exhibit,

27  declaration, affidavit, deposition transcript, inspection and all other tangible items

28  including with limitation reports, electronic media, photographs, videotapes,

-1-

videocassettes and/or all other items containing confidential and/or private information.

2. The parties may designate any Confidential Material produced or filed in this Lawsuit as confidential and subject to the terms of this Order by marking such materials "Confidential." If any material has multiple pages, this designation need only be placed on the first page of such material. Any material designated as "Confidential" shall not be disclosed to any person or entity, except to the parties, counsel for the respective parties in this Lawsuit and the Court.

3. Any material designated as "Confidential" pursuant to paragraph 2 above shall be used solely for the purposes of this Lawsuit and for no other purpose.

4. Prior to disclosure of any Confidential Material, each person to whom disclosure is to be made shall execute a written "Confidentiality Agreement" (in the form attached hereto) consenting to be bound by the terms of this Order. The parties, counsel for the respective parties (including legal assistants and other personnel) and the Court are deemed to be bound by this Order and are not required to execute a Confidentiality Agreement.

5. Only counsel of record in this Lawsuit shall be permitted to disseminate Confidential Material. Upon dissemination of any Confidential Material, each non-designating counsel of record in this Lawsuit shall maintain a written record as to: (1) the identity of any person given Confidential Material, and (2) the identity of the Confidential Material so disseminated (such as by "Bates stamp" number). Such record shall be made available to the designating party upon request.

6. If additional persons become parties to this Lawsuit, they shall not have access to any Confidential Material until they execute and file with the Court their written agreement to be bound by the terms of this Order.

STIPULATED PROTECTIVE ORDER

7. In the event that any question is asked at a deposition that calls for the disclosure of Confidential Material, the witness shall answer such question (unless otherwise instructed not to do so on grounds of privilege) provided that the only persons in attendance at the deposition are persons who are qualified to receive such information pursuant to this Order. Deposition testimony may be designated as confidential following the testimony having been given provided that: (1) such testimony is identified and designated on the record at the deposition, or (2) non-designating counsel is notified of the designation in writing within thirty days after receipt by the designating party of the respective deposition transcript. All deposition transcripts in their entirety shall be treated in the interim as "Confidential" pursuant to paragraph 2 above. When Confidential Material is incorporated in a deposition transcript, the party designating such information confidential shall make arrangements with the court reporter not to disclose any information except in accordance with the terms of this Order.

8. If a deponent refuses to execute a Confidentiality Agreement, disclosure of Confidential Material during the deposition shall not constitute a waiver of confidentiality. Under such circumstances, the witness shall sign the original deposition transcript in the presence of the court reporter and no copy of the transcript or exhibits shall be given to the deponent.

9. With respect to any communications to the Court, including any pleadings, motions or other papers, all such communications containing Confidential Material shall be communicated to the Court in a sealed envelope or other appropriate sealed container on which shall be written the caption of this Lawsuit, an indication of the nature of the contents of the sealed envelope or container, and the words **"CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER"**. All communications shall indicate clearly which portions are designated to be "Confidential". Any communications containing

Confidential Material shall be returned to the submitting party upon termination of this Lawsuit (whether by dismissal or final judgment).

10.     The Clerk of this Court is directed to maintain all communications received by the Court pursuant to paragraph 9 above under seal. All such communications shall be maintained in the Court's file in a sealed envelope or other appropriate sealed container on which shall be written the caption of this Lawsuit, and indication of the nature of the contents of the sealed envelope or container, and the following statement: "Enclosed are confidential materials filed in this case pursuant to a Protective Order entered by the Court and the contents shall not be examined except pursuant to further order of the Court."

11.     If a non-designating party is subpoenaed or ordered to produce Confidential Material by another court or administrative agency, such party shall promptly notify the designating party of the pending subpoena or order and shall not produce any Confidential Material until the designating party has had reasonable time to object or otherwise take appropriate steps to protect such Confidential Material.

12.     If a party believes that any Confidential Material does not contain confidential information, it may contest the applicability of this Order to such information by notifying the designating party's counsel in writing and identifying the information contested. The parties shall have thirty days after such notice to meet and confer and attempt to resolve the issue. If the dispute is not resolved within such period, the party seeking the protection shall have thirty days in which to make a motion for a protective order with respect to contested information. Information that is subject to a dispute as to whether it is properly designated shall be treated as designated in accordance with the provisions of this Order until the Court issues a ruling.

13.     Inadvertent failure to designate any material "Confidential" shall not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this

Order, so long as a claim of confidentiality is asserted within fifteen days after discovery of the inadvertent failure. At such time, arrangements shall be made by the parties to designate the material "Confidential" in accordance with this Order.

14.     This Order shall be without prejudice to the right of any party to oppose production of any information or object to its admissibility into evidence.

15.     When any counsel of record in this Lawsuit or any attorney who has executed a Confidentiality Agreement becomes aware of any violation of this Order, or of facts constituting good cause to believe that a violation of this Order may have occurred, such attorney shall report that there may have been a violation of this Order to the Court and all counsel of record.

16.     Within thirty days after the termination of this Lawsuit (whether by dismissal or final judgment), all Confidential Material (including all copies) shall be returned to counsel for the designating party. In addition, counsel returning such material shall execute an affidavit verifying that all Confidential Material produced to such counsel and any subsequently made copies are being returned in their entirety pursuant to the terms of this Order. Such a representation fully contemplates that returning counsel has: (1) contacted all persons to whom that counsel disseminated Confidential Material, and (2) confirmed that all such material has been returned to disseminating counsel.

After the termination of this Lawsuit, the provisions of this Order shall continue to be binding and this Court shall retain jurisdiction over the parties and any other person who has access to documents and information produced pursuant to this Order for the sole purpose of enforcement of its provisions.

///
///
///
///
///

IT IS SO STIPULATED:

**LAW OFFICE OF STEVEN IBARRA**

DATED:  June 23, 2017

By:  _/s/ Steven Ibarra_
Steven Ibarra, Esq.
Attorneys for Plaintiff
GEORGINA HANNA

**LAW OFFICE OF JOSEPH F. HENEIN**

DATED:  June 23, 2017

By:  _/s/ Joseph F. Henein_
Joseph F. Henein, Esq.
Attorneys for Plaintiff
GEORGINA HANNA

DATED:  June 23, 2017

**NICOLSON LAW GROUP, PC**

By:  _/s/ David G. Halm_
David G. Halm, Esq.
Attorneys for Defendant
TARGET CORPORATION

~~[PROPOSED] PROTECTIVE ORDER ATTACHED]~~

///
///
///
///
///
///
///
///
///
///
///
///

IT IS SO ORDERED.
DATED: _8-30-17_

_[signature]_

UNITED STATES MAGISTRATE JUDGE

STIPULATED PROTECTIVE ORDER

# CONFIDENTIALITY AGREEMENT

BEING DULY SWORN, I hereby attest to the following:

(1) It is my understanding that confidential information will be provided to me pursuant to the terms and restrictions of the Protective Order entered in *Georgina Hanna vs. Target Corporation, et al.*, by the United States District Court, Case No. ED CV 17-0813-TJH-RAOx ("Court").

(2) I have been given a copy of and have read the Protective Order and have had its meaning and effect explained to me by the attorneys providing me with such confidential information, and that I hereby understand and agree to be bound by it.

(3) I further agree that I shall not disclose such confidential information to others, except in accordance with the Protective Order.

(4) It is my understanding that if I fail to abide by the terms of the Protective Order then I may be subject to sanctions imposed by the Court for such a failure.

(5) I hereby consent to the jurisdiction of the Court for purposes of enforcing the Protective Order.

_____

Signature

_____

Printed Name

Subscribed and sworn to before me this _____ day of _____, 2017, by _____ proved to me on the basis of satisfactory evidence to be the person who appeared before me. Witness my hand and official seal.

_____

Notary Public

Dated:

# **PROOF OF SERVICE**

I am a citizen of the United States. My business address is Nicolson Law Group, PC, 6320 Canoga Avenue, Suite 750, Woodland Hills, California 91367. I am employed in the County of Los Angeles where this service occurs. I am over the age of 18 years, and not a party to the within cause.

On the date set forth below, according to ordinary business practice, I served the foregoing document(s) described as:

## **STIPULATED PROTECTIVE ORDER**

☒ **(BY CM/ECF)** I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail notice list, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants (if any) indicated on the Manual Notice list.

☐ **(BY FAX)** I transmitted via facsimile, from facsimile number 818.858.1124, the document(s) to the person(s) on the attached service list at the fax number(s) set forth therein, on this date before 5:00 p.m. A statement that this transmission was reported as complete and properly issued by the sending fax machine without error is attached to this Proof of Service.

☐ **(BY E-MAIL)** On this date, I personally transmitted the foregoing document(s) via electronic mail to the e-mail address(es) of the person(s) on the attached service list.

☒ **(BY MAIL)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business. On this date, I placed the document(s) in envelopes addressed to the person(s) on the attached service list and sealed and placed the envelopes for collection and mailing following ordinary business practices.

Joseph F. Henein, Esq.
Law Office Joseph F. Henein
6528 Greenleaf Ave., Suite 202
Whittier, California 90601
Telephone No: (562) 236-9646
**Attorney for Plaintiff**
**Georgina Hanna**

Steven Ibarra, Esq.
Law Offices of Steven Ibarra
6518 Greenleaf Ave., Suite 28
Whittier, California 90601
Telephone No: (562) 735-0828
Facsimile No: (714) 582-0948
**Attorney for Plaintiff**
**Georgina Hanna**

☐ (BY PERSONAL SERVICE)  On this date, I delivered by hand envelope(s) containing the document(s) to the persons(s) on the attached service list.

☐ (BY OVERNIGHT DELIVERY)  On this date, I placed the documents in envelope(s) addressed to the person(s) on the attached service list, and caused those envelopes to be delivered to an overnight delivery carrier, with delivery fees provided for, for next-business-day delivery to whom it is to be served.

☒ (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 15, 2017, at Los Angeles, California.


_/s/ Rachel Robledo_____
Rachel Robledo

STIPULATED PROTECTIVE ORDER